**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

WILLIE PONDER,

       Petitioner,

v.                            CASE NO.  4:17cv217-RH-HTC

SECRETARY DEPARTMENT OF
CORRECTIONS,

       Respondent.

_____/

**ORDER DENYING THE PETITION AND
DENYING A CERTIFICATE OF APPEALABILITY**

By petition for a writ of habeas corpus under 28 U.S.C. § 2254, Willie

Ponder challenges his state-court conviction for attempted murder and related

offenses. The petition is before the court on the magistrate judge's report and

recommendation, ECF No. 37, and the objections, ECF No. 40. I have reviewed de

novo the issues raised by the objections. The report and recommendation is correct

and is adopted as the court's opinion, with this additional note.

The charges arose from a quarrel that led to a shooting near a public street.

Eyewitnesses identified Mr. Ponder as the shooter. Mr. Ponder asserted that he was

not the shooter and indeed was not even present—that the witnesses who identified him were mistaken. This is the stuff of which jury trials are made.

The prosecutor said in opening statement and elicited testimony during the trial that "word on the street" was that Mr. Ponder was the shooter. This was plainly inadmissible hearsay. The prosecutor's reference to it was inexcusable. The trial court sustained a defense objection when the prosecutor first did this, but the prosecutor was undeterred. This was even more clearly inexcusable. The defense attorney stood down, not wishing to alienate the jury, and eventually used the "word on the street" references to support the defense, suggesting that the eyewitnesses unreliably identified Mr. Ponder only because they heard the word on the street.

Mr. Ponder asserts his attorney rendered ineffective assistance on this issue. To prevail on an ineffective-assistance claim, a petitioner must show both deficient performance and prejudice *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). After an evidentiary hearing, the state court denied Mr. Ponder's application for collateral relief on this issue, finding neither deficient performance nor prejudice. A federal habeas court may set aside a state court's ruling on the merits of a petitioner's claim only if the ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or if the ruling "was based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). As the report and recommendation demonstrates, Mr. Ponder has not met this standard. Mr. Ponder is not entitled to relief on this claim or, as also shown by the report and recommendation, on his other claims.

The prosecutor should not take this outcome as an approval of her tactic. The United States Supreme Court long ago set a standard for a prosecutor that still applies today: "He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." *Berger v. United States*, 295 U.S. 78, 88 (1935). When presented with a case in which a prosecutor struck foul blows but now says they had no effect on the outcome, one is left to wonder why the prosecutor crossed the line in the first place.

Rule 11 of the Rules Governing § 2254 Cases requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *See Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack*

*v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893

n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13 (2000) (setting out

the standards applicable to a § 2254 petition on the merits). As the Court said in

*Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were " 'adequate to deserve encouragement to proceed further.' "

529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, to obtain a

certificate of appealability when dismissal is based on procedural grounds, a

petitioner must show, "at least, that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right and

that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." *Id.* at 484.

Mr. Ponder has not made the required showing. This order thus denies a

certificate of appealability.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The petition is denied with prejudice."

3. A certificate of appealability is denied.

4. The clerk must close the file.

SO ORDERED on January 16, 2020.

s/Robert L. Hinkle
United States District Judge